UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CAROL SCOTT, et al., | ) | |
| Plaintiffs, | ) | Case No. 2:06-cv-00082-JCM-PAL |
| vs. | ) | **ORDER** |
| RELATED CCD, LLC, et al., | ) | (M/Reconsideration - #215) |
| Defendants. | ) | |

Before the court is defendants' Motion for Reconsideration of Order Denying Defendants' Motion for Leave to Propound Interrogatories on Absent Class Members and Incorporated Memorandum of Law (#215). The court has considered the motion, plaintiffs' Opposition (#227), and defendants' Reply (#239).

In a prior Order (#205), the court denied the defendants' motion for leave to propound interrogatories on absent class members, finding the defendants had not met their heavy burden to justify propounding interrogatories to absent class members. Defendants now ask the court to reconsider this ruling "on the ground that Defendants have not addressed what is now become a significant dispute between the Parties – the appropriate measurement date for Plaintiffs' alleged damages." (Motion #215, 2:17-20.) The plaintiffs oppose the motion, asserting it is untimely, procedurally improper, and substantively without merit. Specifically, plaintiffs argue that LR IB 3-1 requires that a motion for reconsideration be directed to the district judge and filed within ten days, and that the non-prevailing party demonstrate that the ruling is clearly erroneous or contrary to law. Additionally, defendants argue that there is no authority for the magistrate judge to reconsider her own ruling and that defendants have not met the standard for reconsideration under Fed. R. Civ. P. 60(b). Defendants reply that they do not claim the undersigned's prior ruling was clearly erroneous or contrary

to law, and are requesting reconsideration because of new evidence and arguments demonstrating they are entitled to the discovery requested.  Thus, the provisions of LR IB 1-3 do not apply, and the motion was properly brought pursuant to Fed. R. Civ. P. 60(b)(6).

The defendants concede that the undersigned's Order (#205) was not clearly erroneous or contrary to law.  However, defendants seek reconsideration of the court's order because: (1) they "did not fully address the significance of the damages issues" (Motion #215, 2:22-23); (2) have now filed a motion *in limine* on the damages issues; and (3) the Honorable Susan Johnson has entered an order in a related state court litigation, finding that the date for measuring plaintiffs' alleged damages for defendants' alleged anticipatory breach of contract to deliver condominium units to the plaintiffs in the future is not the date of the alleged breach of the purchase and sale agreement but the date on which the condominium units would have been delivered to the plaintiffs if the contract had been fully executed by the parties, *i.e.*, the date of performance.

Having reviewed and considered the matter, the court finds the defendants have not presented the court with newly discovered evidence or demonstrated that the court committed clear error, that the decision was manifestly unjust, or that there was an intervening change in controlling law.  See School District No. 1J, Multnomah County, Oregon, 5 F.3d 1255, 1263 (9th Cir. 1993).  The defendants have also not established that "highly unusual circumstances" warrant reconsideration.  Id.  Accordingly,

**IT IS ORDERED** defendants' Motion for Reconsideration (#215) is DENIED.

Dated this 14th day of January, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE